LEWIS, J.,
concurring in part and dissenting in part.
While I certainly appreciate the diligent efforts of the Civil Procedure Rules Committee (Committee), and concur in large part with the majority’s opinion, I cannot agree with the Court’s amendment of rule 1.370(a). Specifically, I conclude that the purported basis for this amendment is unsupported, illogical, and contrary to the goals of Florida’s system of pretrial discovery. Therefore, I dissent from the portion of today’s decision which limits requests for admissions under rule 1.370(a) to thirty individual requests.
In its report to this Court, the Committee’s sole justification for the limitation of requests for admissions to thirty was stated in the following fashion:
This proposed rule change resulted from an effort to address perceived abuses involving the use of requests for admissions. Some members expressed considerable concern over the perceived practice by some to use Rule 1.370 as a discovery tool and/or as an improper method of proving up the elements of one’s case or defense.
Upon first reading of the foregoing reasons for the change, I thought I had certainly misread the proposed justification for the new rule. However, upon further and multiple readings of the reasons for the proposed change, I must conclude that the purported justification for this needless limitation upon a time-honored, recognized method of advancing a controverted action to judgment is illogical and nonsensical. I suggest that it is most unusual to condemn the use of requests for admissions as a discovery practice when that is one of the precise reasons for the existence of such provision. As recognized by a number of those submitting comments regarding the proposed amendment of rule 1.370, the practice of submitting requests for admissions is an extremely versatile and efficient discovery method which requires very little judicial supervision. Indeed, The Florida Bar’s continuing legal education materials recognize this fact:
*1017 When properly used, requests for admission (Fla. R. Civ. P. 1.370) will cut hours or even days from trial time. Their function is to define and limit matters in controversy — to “cap” discovery by delineating areas of agreement and disagreement. In short, proper use of requests for admission allows the lawyer and the court to concentrate on the substance of the issues. In so doing, the rule promotes judicial efficiency and economy (conceded points need no investigation and cost nothing to prove), aid[s] the administration of justice (conceded points need no trial time), and encourage[s] settlements (a clear view of real issues is vital to proper evaluation of the hazards of trial). All in all, effective use of requests for admission expedites trial time and reduces trial cost while channeling concentration to areas of real controversy. They should be considered mandatory in properly preparing for litigation.
Michael S. Orfinger, Depositions and Discovery 16-73, in Florida Civil Practice Before Trial, § 16.67 (Florida Bar Continuing Legal Education Committee, 6th ed.2000); see also Victoria C. Ferreira, Adkins and Jones’ Florida Civil and Criminal Discovery, § 11-2 (4th ed.1997); James L. Underwood, A Guide to Federal Discovery Rules, § 9.01 (2d ed.1985).
In my view, requests for admissions are properly utilized to accomplish exactly that which the Committee seeks to prohibit— the narrowing of disputed issues by gathering information and establishing certain agreed-upon facts so that pretrial preparation is simplified and the parties and court do not needlessly squander their resources proving or disproving accepted facts. Specifically, I disagree with the Committee’s “considerable concern” regarding the use of rule 1.370 “as an improper method of proving up the elements of one’s case or defense.” In discussing Federal Rule of Civil Procedure 36, the model upon which our rule 1.370 is based, the Tenth Circuit Court of Appeals noted succinctly: “Rule 36 was designed as a device by which at least some of the material facts of a case could be established without the necessity of formal proof at the trial.” Champlin v. Oklahoma Furniture Mfg. Co., 324 F.2d 74, 76 (10th Cir.1963); see also Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co., 123 F.R.D. 97, 102 (D.Del.1988) (“The purpose of allowing requests for admissions ... is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial.”). Clearly, propounding requests for admissions upon a party is a perfectly legitimate method of establishing facts in support of one’s claim or defense, and to the extent that the majority’s amendment of rule 1.370 is based upon an inclination to curtail this appropriate and accepted practice, I specifically disagree and dissent from today’s decision.
In my view, today’s decision amending rule 1.370 to provide that litigants may only submit thirty requests for admissions in the absence of judicial permission otherwise is extremely improvident. The Committee has submitted no basis, other than “concern” over “perceived” abuses and improprieties, to support today’s significant restriction upon the respected practice of gathering information and narrowing disputed issues before trial through presenting one’s adversary with specific, pointed questions which, in the long run, lessen contention both before and during trial. I suggest that the attempt by the majority to compare admissions with interrogatories falls far short of proper legal analysis, particularly when the exclusive basis for the change as submitted by the Committee is factored into the discussion. I cannot subscribe to the simplistic view that if we have a rule to limit interrogatories to thir *1018 ty, we must also necessarily so limit admissions. Because I regard the Committee’s “concern” to be an entirely insufficient basis upon which to appreciably limit an important discovery tool, and the practices condemned by the Committee as completely acceptable and proper, I would not approve the proposed change to rule 1.370. Therefore, I dissent from the portion of today’s decision amending rule 1.370.
ANSTEAD, C.J., concurs.
APPENDIX
RULE 1.070. PROCESS
(a) Summons; Issuance. Upon the commencement of the action, summons or other process authorized by law shall be issued forthwith by the clerk or judge under the clerk’s or the judge’s signature and the seal of the court and delivered for service without praecipe.
(b) Service; By Whom Made. Service of process may be made by an officer authorized by law to serve process, but the court may appoint any competent person not interested in the action to serve the process. When so appointed, the person serving process shall make proof of service by affidavit promptly and in any event within the time during which the person served must respond to the process.
Failure to make proof of service shall not affect the validity of the service. When any process is returned not executed or returned improperly executed for any defendant, the party causing its issuance shall be entitled to such additional process against the unserved party as is required to effect service.
(c) Service; Numerous Defendants. If there is more than 1 defendant, the clerk or judge shall issue as many writs of process against the several defendants as may be directed by the plaintiff or the plaintiffs attorney.
(d) Service by Publication. Service of process by publication may be made as provided by statute.
(e) Copies of Initial Pleading for Persons Served. At the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made. The date and hour of service shall be endorsed on the original process and all copies of it by the person making the service. The party seeking to effect personal service shall furnish the person making service with the necessary copies. When the service is made by publication, copies of the initial pleadings shall be furnished to the clerk and mailed by the clerk with the notice of action to all parties whose addresses are stated in the initial pleading or sworn statement.
(f) Service of Orders. If personal service of a court order is to be made, the original order shall be filed with the clerk, who shall certify or verify a copy of it without charge. The person making service shall use the certified copy instead of the original order in the same manner as original process in making service.
(g) Fees; Service of Pleadings. The statutory compensation for making service shall not be increased by the simultaneous delivery or mailing of the copy of the initial pleading in conformity with this rule.
(h) Pleading Basis. When service of process is to be made under statutes authorizing service on nonresidents of Florida, it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service.
(i) Service of Process by Mail. A defendant may accept service of process by mail.
*1019 (1) Acceptance of service of a complaint by mail does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.
(2) A plaintiff may notify any defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request shall:
(A) be in writing and be addressed directly to the defendant, if an individual, or to an officer or managing or general agent of the defendant or other agent authorized by appointment or law to receive service of process;
(B) be dispatched by certified mail, return receipt requested;
(C) be accompanied by a copy of the complaint and shall identify the court in which it has been filed;
(D) inform the defendant of the consequences of compliance and of failure to comply with the request;
(E) state the date on which the request is sent;
(F) allow the defendant 20 days from the date on which the request is received to return the waiver, or, if the address of the defendant is outside of the United States, 30 days from the date on which it is received to return the waiver; and
(G)provide the defendant with an extra copy of the notice and request, including the waiver, as well as a prepaid means of compliance in writing.
(3) If a defendant fails to comply with a request for waiver within the time provided herein, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure is shown.
(4) A defendant who, before being served with process, timely returns a waiver so requested is not required to respond to the complaint until 60 days after the date the defendant received the request for waiver of service. For purposes of computing any time prescribed or allowed by these rules, service of process shall be deemed effected 20 days before the time required to respond to the complaint.
(5) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in subdivision (4) above, as if a summons and complaint had been served at the time of filing the waiver, and no further proof of service shall be required.
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120-days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. If-When a motion for leave to amend or-with the attached proposed amended complaint sufficiently identifias-the-new- party- - or parties and contains a short statement of facts for which relief-will-be demanded is filed, the 120-day period for service of amended complaints on the new party or parties shall begin upon the entry of an order granting leave to amend. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
*1020 Committee Notes
1971 Amendment. Subdivisions (f), (g), and (h) of the existing rule are combined because they deal with the same subject matter. The “notice of suit” is changed to “notice of action” to comply with the statutory change in 1967. Subdivision (g) is new and provides for substitution of a certified or verified copy of a court order that must be served. The original is to be filed with the clerk and not removed. Subdivision (i) is relettered to (h).
1972 Amendment. Subdivision (a) is amended to require the officer issuing the process to sign it and place the court seal on it. This was required by former section 47.04, Florida Statutes, and is essential to the validity of process. When the statute was repealed these procedural requirements were omitted and inadvertently not included in the rule. Subdivision (b) is changed to eliminate the predicate for court appointment of a person to make service of process. This makes the rule more flexible and permits the court to appoint someone to make service at any appropriate time.
1980 Amendment. Subdivision (i) is added to eliminate pleading evidentiary facts for “long arm” service of process. It is based on the long-standing principle in service by publication that pleading the basis for service is sufficient if it is done in the language of the statute. See McDaniel v. McElvy, 91 Fla. 770, 108 So. 820 (1926). Confusion has been generated in the decisions under the “long arm” statute. See Wm. E. Strasser Construction Corp. v. Linn, 97 So.2d 458 (Fla.1957); Hartman Agency, Inc. v. Indiana Farmers Mutual Insurance Co., 353 So.2d 665 (Fla. 2d DCA 1978); and Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978). The amendment is not intended to change the distinction between pleading and proof as enunciated in Elmex Corp. v. Atlantic Federal Savings & Loan Association of Fort Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976). It is intended to eliminate the necessity of pleading evidentiary facts as well as those of pecuniary benefit that were used in the Elmex case. The amendment is limited to pleading. If the statutory allegations are attacked by motion, the pleader must then prove the evidentiary facts to support the statutory requirements. If denied in a pleading, the allegations must be proved at trial. Otherwise, the allegations will be admitted under rule 1.110(e).
1988 Amendment. Subdivision (j) has been added to require plaintiffs to cause service of original summons within 120 days of filing the complaint absent good cause for further delay.
1992 Amendment. Subdivision (d) is repealed because the reason for the rule ceased when process was permitted to run beyond county boundaries. The amendment to subdivision (j) (redesignated as (i)) is intended to clarify that a dismissal under this subdivision is not to be considered as an adjudication on the merits under rule 1.420(a)(1) of these rules.
1996 Amendment. Subdivision (i) is added to provide some formality to the practice of requesting waiver of service of process by a sheriff or person appointed to serve papers or by publication. The committee intends that only the manner of service will be waived by this procedure. By accepting service pursuant to this rule, the defendant will not waive any objection to venue or jurisdiction over the person or admit to the sufficiency of the pleadings or to allegations with regard to long-arm or personal jurisdiction. For example, service of process would be void should a motion to dismiss be granted because the complaint did not allege the basis for long-arm jurisdiction over a nonresident defendant. City Contract Bus Service, Inc. v. H.E. Woody, 515 So.2d 1354 (Fla. 1st DCA 1987). Under such circumstances, the defendant must be served pursuant to law or again waive service pursuant to this rule. Subdivision (i)(2)(F) allows the defendant 20 days from receipt (or 30 days if the defendant is outside of the United States) to return the waiver. Accordingly, the committee intends that the waiver be received by the plaintiff or the plaintiffs *1021 attorney by the twentieth day (or the thirtieth day if the defendant is outside of the United States). The former subdivision (i) has been redesignated as subdivision (j). Form 1.902 may be used to give notice of an action and request waiver of process pursuant to this rule.
2003 Amendment. Subdivision (j) is amended in accordance with Totura & Co., Inc. v. Williams, 754 So.2d 671 (Fla.2000). See the amendment to rule 1.190(a). RULE 1.190. AMENDED AND SUPPLEMENTAL PLEADINGS
(a) Amendments. A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party. If a party files a motion to amend a pleading, the party shall attach the proposed amended pleading to the motion. Leave of court shall be given freely when justice so requires. A party shall plead in response to an amended pleading within 10 days after service of the amended pleading unless the court otherwise orders.
(b) Amendments to Conform with the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice the objecting party in maintaining an action or defense upon the merits.
(c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
(d) Supplemental Pleadings. Upon motion of a party the court may permit that party, upon reasonable notice and upon such terms as are just, to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor.
(e) Amendments Generally. At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading, or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.
(f) Claims for Punitive Damages. A motion for leave to amend a pleading to assert a claim for punitive damages shall make a reasonable showing, by evidence in the record or evidence to be proffered by the claimant, that provides a reasonable basis for recovery of such damages. The motion to amend can be filed separately and before the supporting evidence or proffer, but each shall be served on all parties at least 20 days before the hearing.
*1022 Committee Notes
1980 Amendment. The last clause of subdivision (a) is deleted to restore the decision in Scarfone v. Denby, 156 So.2d 694 (Fla. 2d DCA 1963). The adoption of rule 1.500 requiring notice of an application for default after filing or serving of any paper eliminates the need for the clause. This will permit reinstatement of the procedure in federal practice and earlier Florida practice requiring a response to each amended pleading, thus simplifying the court file under the doctrine of Dee v. Southern Brewing Co., 146 Fla. 588, 1 So.2d 562 (1941).
2003 Amendment. Subdivision (a) is amended in accordance with Totura & Co., Inc. v. Williams, 754 So.2d 671 (Fla.2000). See the amendment to rule 1.070(j). Subdivision (f) is added to state the requirements for a party moving for leave of court to amend a pleading to assert a claim for punitive damages. See Beverly Health & Rehabilitation Services, Inc, v. Meeks, 778 So.2d 322 (Fla. 2d DCA 2000).
Authors’ Comment — 1967
Rule 1.190 is the same as former Rule 1.15, 1954 Rules of Civil Procedure, as per amendment effective January 1,1966. It is patterned closely after Federal Rule 15, and as such, 1A Barron and Holtzoff, Federal Practice and Procedure, Rules Edition (West I960) should be carefully studied for a constructive analysis of the similar federal counterpart. The contents of Federal Rule 15(b) authorizing the court to grant a continuance to enable the objecting party to meet evidence which relates to amended pleadings at trial, have been omitted.
The rule now requires a response to an amended pleading to be within 20 days after service of the amended pleading, rather than within the former 10 day requirement or the former remaining time requirement.
Although the rule authorizes an amendment before a responsive pleading is filed, the court in Nenow v. Ceilings and Specialties, Inc., 151 So.2d 28 (D.C.A.2d 1963), ruled that the right to amend before a responsive pleading is filed is not absolute.
In spite of the fact that the policy is liberal to grant amendments freely when justice so requires, the courts have consistently recognized that the trial judge has wide discretion on procedural matters including requests to amend pleadings.
Amendments can be made by consent or by order of court if they are not made before the responsive pleading is served or within 20 days after service of a pleading if a responsive pleading is not required and the action has not been placed on the trial calendar.
Amendments under paragraph (b) of this rule can be made at any time but they must not prejudice the opposing party. They can be made as late as or after judgment, and this is particularly true if essential to justice or if the presentation of the merits will be more effectively expedited. See Garrett v. Oak Hall Club, 118 So.2d 633 (S.Ct.1960).
The liberal practice giving the right to make one amendment, as of course applies to all types of pleadings, not just complaints. There is no right to file a supplemental pleading as of course.
The rule does not spell out the mechanics of accomplishing an amendment. It can be done by a pleading which merely shows the amendment, addition or change, by interlineation on the original pleading or by a new amended pleading which replaces the original.
The latter method is to be preferred except for minor or formal amendments or changes. Amendment by interlineation is not recommended except on the basis of a court order supporting it to avoid any suspicion that it might be an unauthorized alteration.
Relation Back
The principle of relation back of amended pleadings existed in prior law, but it was limited to an amendment which did not state a new cause of action. The harshness of the rule was modified by a liberal construction of a “cause of action!” In accord *1023 with this liberal application of the principle, the rule requires only that the amendment arise out of the “conduct, transaction, or occurrence” set forth in the original pleading.
Supplemental Pleadings
Supplemental pleadings are those which set forth new matter which has arisen since the filing of the original pleading. Rule 1.190(d) providing for such pleadings reads: “Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor.”
The function of the supplemental pleading is to bring forward new facts or events arising after the filing of the pleading, to cure defects resulting from the occurrence of such events during the progress of the suit. Matters existing at the time of filing the pleading and omitted therefrom because overlooked or unknown should be brought in by amendment.
The necessity for pleading to a supplemental pleading is governed by order of the trial court.
RULE 1.210. PARTIES
(a) Parties Generally. Every action may be prosecuted in the name of the real party in interest, but an executor a personal representative, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute may sue in that person’s own name without joining the party for whose benefit the action is brought. All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if that person’s presence is necessary or proper to a complete determination of the cause. Persons having a united interest may be joined on the same side as plaintiffs or defendants, and anyone who refuses to join may for such reason be made a defendant.
(b) Infants or Incompetent Persons. When an infant or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.
Committee Notes
1980 Amendment. Subdivisions (c) and (d) are deleted. Both are obsolete. They were continued in effect earlier because the committee was uncertain about the need for them at the time. Subdivision (c) has been supplanted by section 737.402(2)(z), Florida Statutes (1979), that gives trustees the power to prosecute and defend actions, regardless of the conditions specified in the subdivision. The adoption of section 733.212, Florida Statutes (1979), eliminates the need for subdivision (d) because it provides an easier and less expensive method of eliminating the interests of an heir at law who is not a beneficiary under the will. To the extent that an heir at law is an indispensable party to a proceeding concerning a testamentary trust, due process requires notice and an opportunity to defend, so the rule would be unconstitutionally applied.
2003 Amendment. In subdivision (a), “an executor” is changed to “a personal representative” to conform to statutory language. See § 731.201(25), Fla. Stat. (2002),
*1024 Authors’ Comment — 1967
Rule 1.210 is a consolidation of former Rules 1.17, 3.3, and 3.5,1954 Rules of Civil Procedure, thus placing parties with varying statuses within a single rule. Rules 1.100 and 1.180 should be consulted as to pleadings and third party practice respectively, Rule 1.230 as to interventions, and Rule 1.240 as to interpleader, for a more complete picture of parties.
The “real party in interest” identified in subsection (a) is the person in whom rests, by substantive law, the claim sought to be enforced. The real party in interest rule is permissive, not mandatory, unlike Federal Rule 17(a).
The enumerated representatives may sue without joining the person to be benefitted.
Subsection (b) is identical to former Rule 1.17(b) and to Federal Rule 17(c). The first sentence expressly permits, but does not require, the enumerated representatives to sue or defend on behalf of the infant or incompetent person. 2 Barron and Holtzoff, Federal Practice and Procedure (West 1961) should be consulted for an analysis of the identical federal counterparts.
Although a subrogee or assignee can sue in his own name, he is not compelled to do so. An insurance company claiming by way of subrogation can sue in the name of its insured and cannot be compelled to sue in its own name. Gould v. Weibel, 62 So.2d 47 (Fla.1952).
RULE 1.370. REQUESTS FOR ADMISSION
(a) Request for Admission. A party may serve upon any other party a written request for the admission of the truth of any matters within the scope of rule 1.280(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court the request may be served upon the plaintiff after commencement of the action and upon any other party with or after service of the process and initial pleading upon that party. The request for admission shall not exceed 30 requests, including all subparts, unless the court permits a larger number on motion and notice and for good cause, or the parties propounding and responding to the requests stipulate to a larger number. Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the process and initial pleading upon the defendant. If objection is made, the reasons shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless that party states that that party has made reasonable inquiry and that the information known or readily obtainable by that party is insufficient to enable that party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not object to the request on that ground alone; the party may deny the matter or set forth reasons why the party cannot admit or deny it, subject to rule 1.380(c). The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court *1025 determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. Instead of these orders the court may determine that final disposition of the request be made at a pretrial conference or at a designated time before trial. The provisions of rule 1.380(a)(4) apply to the award of expenses incurred in relation to the motion.
(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to rule 1.200 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against that party in any other proceeding.
Committee Notes
1972 Amendment. Derived from Federal Rule of Civil Procedure 36 as amended in 1970. The rule is changed to eliminate distinctions between questions of opinion, fact, and mixed questions. The time sequences are changed in accordance with the other discovery rules, and case law is incorporated by providing for amendment and withdrawal of the answers and for judicial scrutiny to determine the sufficiency of the answers.
2003 Amendment. The total number of requests for admission that may be served without leave of court is limited to 30, including all subparts.
Authors’ Comment — 1967
Rule 1.370 is the same as former Rule 1.30, 1954 Rules of Civil Procedure, as per amendment effective January 1,1966. The only significant change in said amended rule and present rule from the original 1954 rule is the extension of time to not less than twenty [now thirty] days after service for response to avoid a requested admission from being admitted, in lieu of the former ten day period. The rule is substantially the same as Federal Rule 36, with the exception that the federal rule contains the ten day period after service for response to avoid the admission of requested matters. Therefore, 2A Barron and Holtzoff, Federal Practice and Procedure, Rules Edition (West 1961) should be consulted for a persuasive analysis of the federal counterpart in view of the fact that the Florida courts adhere to the federal constructions. See McKean v. Kloeppel Hotels, Inc., 171 So.2d 552 (D.C.A.lst 1965).
The purpose of the rule is to expedite the trial of the action and to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the adverse party does not intend to litigate or which can be ascertained by reasonable inquiry. One party may not obstinately put the other to his proof. Rule 1.380(c) provides sanctions to compel admissions.
The request for admissions is addressed to the party. It may be served upon the attorney as provided in Rule 1.080 but the party should sign the statement and swear to its truth.
The admission may be made by default, or by serving a written admission upon the party requesting it, as provided in Rule 1.080, and filing the original with the clerk together with proof of service.
Affirmative action is required to avoid the requested admissions. Inadequate reasons for neither admitting nor denying are the equivalent of an admission. At the trial the party requesting the admission should prove the service of the request and the lack of answer. A motion for an order to compel the admission or a statement of reasons for refusal is not contemplated.
*1026 Under this rule, an objection may be made to part of a request for admission, but in that event the remainder of the request must be answered and conversely if a denial is made to part of a requested admission, the part denied and the part admitted should be specified. The decisions of the Federal courts are authorities in determining the application of this rule. Wider v. Carraway, 101 So.2d 18 (D.C.A.2d 1958).
As a matter of practice, the date for serving answers to requests for admissions should be designated and this should be not less than 20 [now 30] days; however, the request should designate a definite time for answering. See Campbell v. Blue, 80 So.2d 316 (S.Ct.1955).
The Federal court decisions are in disagreement as to whether a party is required to go beyond his personal knowledge and obtain from third persons the information requested. The better reasoned decisions, and the view entertained by the text-writers, is that the purpose of the rule requires that a party answer, even though he has no personal knowledge, if the means of information are within his reach. An exception to this view is recognized where the fact can be ascertained by the adverse party only from a third person who is hostile or is interested in the outcome of the action.
A plaintiff seeking an admission under this rule may need the information before a responsive pleading is filed and therefore it may be necessary to secure an extension of time to file such pleading under Rule 1.090.
The admissions made are limited to the pending action. Any attempt to use them for any other purpose can be prevented by prompt court application brought on by motion.
Summary judgment can be granted if admissions by failure to deny under this rule remove all material issues of fact from the case, but not if the admissions are uncertain. In Fink v. Powsner, 108 So.2d 324 (D.C.A.3d 1959), the court upheld a summary judgment against a defendant, where defendant’s sworn admissions, coupled with an exhibit attached to the plaintiffs motion for summary judgment, resolved all issues of fact under the pleadings in plaintiffs favor.
Rule 1.380(c) provides penalties for refusal to admit if the demanding party thereof proves that which he was seeking and included therein are reasonable attorney fees.
Under certain circumstances, as recognized in Southern Railway Company v. Wood, 171 So.2d 614 (D.C.A.lst 1965) failure to deny admissions in timely fashion can be cured by utilization of Rule 1.540(b).
RULE 1.380. FAILURE TO MAKE DISCOVERY: SANCTIONS
(a) Motion for Order Compelling Discovery. Upon reasonable notice to other parties and all persons affected, a party may apply for an order compelling discovery as follows:
(1) Appropriate Court. An application for an order to a party may be made to the court in which the action is pending or in accordance with rule 1.310(d). An application for an order to a deponent who is not a party shall be made to the circuit court where the deposition is being taken.
(2) Motion. If a deponent fails to answer a question propounded or submitted under rule 1.310 or 1.320, or a corporation or other entity fails to make a designation under rule 1.310(b)(6) or 1.320(a), or a party fails to answer an interrogatory submitted under rule 1.340, or if a party in response to a request for inspection submitted under rule 1.350 fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, or if a party in response to a request for examination of a person submitted under rule 1.360(a) objects to the examination, fails to respond that the examination will be permitted as requested, or fails to submit to or to produce a person in that party’s custody or legal control for examination, the discovering party may move for an order compelling an answer, or a designation or an order compelling inspection, or an order compelling an examination in accordance with the request. When taking a deposition on oral examination, *1027 the proponent of the question may complete or adjourn the examination before applying for an order. If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to rule 1.280(c).
(3) Evasive or Incomplete Answer. For purposes of this subdivision an evasive or incomplete answer shall be treated as a failure to answer.
(4) Award of Expenses of Motion. If the motion is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party or counsel advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorneys’ fees, unless the court finds that the opposition to the motion was justified or that other circumstances make an award of expenses unjust. If the motion is denied and after opportunity for hearing, the court shall require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorneys’ fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons.
(b) Failure to Comply with Order.
(1) If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of the court.
(2) If a party or an officer, director, or managing agent of a party or a person designated under rule 1.310(b)(6) or 1.320(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or rule 1.360, the court in which the action is pending may make any of the following orders:
(A) An order that the matters regarding which the questions were asked or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.
(C) An order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party.
(D) Instead of any of the foregoing orders or in addition to them, an order treating as a contempt of court the failure to obey any orders except an order to submit to an examination made pursuant to rule 1.360(a)(1)(B) or subdivision (a)(2) of this rule.
(E) When a party has failed to comply with an order under rule 1.360(a)(1)(B) requiring that party to produce another for examination, the orders listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows the inability to produce the person for examination.
Instead of any of the foregoing orders or in addition to them, the court shall require the party failing to obey the order to pay the reasonable expenses caused by the failure, which may include attorneys’ fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust.
*1028 (e) Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under rule 1.370 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the courtfile a motion for an order requiring the other party to pay the requesting party the reasonable expenses incurred in making that proof, which may include attorneys’ fees. The court shall make the issue such an order at the time a party requesting the admissions proves the genuineness of the document or the truth of the matter, upon motion by the requesting party, unless it finds that (1) the request was held objectionable pursuant to rule 1.370(a), (2) the admission sought was of no substantial importance, or (3) there was other good reason for the failure to admit.
(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under rule 1.310(b)(6) or 1.320(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition after being served with a proper notice, (2) to serve answers or objections to interrogatories submitted under rule 1.340 after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under rule 1.350 after proper service of the request, the court in which the action is pending may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Instead of any order or in addition to it, the court shall require the party failing to act to pay the reasonable expenses caused by the failure, which may include attorneys’ fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust. The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by rule 1.280(c).
Committee Notes
1972 Amendment. Derived from Federal Rule of Civil Procedure 37 as amended in 1970. Subdivision (a)(3) is new and makes it clear that an evasive or incomplete answer is a failure to answer under the rule. Other clarifying changes have been made within the general scope of the rule to ensure that complete coverage of all discovery failures is afforded.
2003 Amendment. Subdivision (c) is amended to require a court to make a ruling on a request for reimbursement at the time of the hearing on the requesting party’s motion for entitlement to such relief. The court may, in its discretion, defer ruling on the amount of the costs or fees in order to hold an evidentiary hearing whenever convenient to the court and counsel.
Authors’ Comment — 1967
Rule 1.380 is substantially the same as former Rule 1.31,1954 Rules of Civil Procedure, as per amendment effective January 1, 1966, with only minor language changes. It is similar to Federal Rule 37 [as amended in 1970] and thus 2A Barron and Holtzoff, Federal Practice and Procedure, Rules Edition (West 1961) is of great significance as a guideline to apply in Florida practice.
Rule 1.380 provides the sanctions necessary to make effective the discovery procedures. On the other hand, the person to whom questions are put or upon whom requests are made is afforded substantial protection from abuses and is given opportunity to raise objections by other Rules.
Consequently, the question of the propriety of a particular discovery procedure may be presented to the court by two general routes: (1) the person from whom discovery is sought may seek protective orders or raise objections to particular interrogatories; and (2) the party seeking discovery may invoke the sanctions of *1029 Rule 1.380. For this reason, cases under the rules dealing with objections to discovery should be considered in connection with the cases under Rule 1.380 in determining whether a particular discovery may be compelled under Rule 1.380.
The rule contemplates that the officer before whom a deposition is taken may not punish for contempt for failure to answer a question and may not rule upon the admissibility of the information or evidence sought. Rule 1.310(c) provides that “Evidence objected to shall be taken subject to the objections”. Objections to the admissibility of evidence are saved for the trial or hearing when the deposition is offered. If a witness refuses to answer a question propounded upon oral examination, the proponent of the question may complete the examination on other matters or may request adjournment; if a witness refuses to answer a question presented by written interrogatories, the officer notes the fact and completes the examination; the proponent of the question may then seek an order that answer be made.
Likewise, when a party has failed to answer an interrogatory submitted under Rule 1.340, the proponent of the question may apply for a similar order.
Upon failure to obey such an order the sanctions provided in Rule 1.380(b) become applicable.
These provisions for payment of expenses, including attorney fees incurred in obtaining the order or opposing the motion, are designed to discourage mere captious refusals to answer and unjustifiable applications for orders where refusals to answer are reasonable.
The rule applies when the witness has appeared for the taking of his deposition and then refuses to answer a question, or when a party refuses to answer an interrogatory submitted under Rule 1.340. If a witness, including a party has been subpoenaed and fails to appear for the taking of the deposition, an order of the court is not a prerequisite to holding him in contempt for such non-appearance. Rule 1.410 provides for contempt. If a party or an officer or managing agent of a party fails to appear for the taking of a deposition after being served with proper notice, or serves no answers to interrogatories submitted under Rule 1.340, the sanctions of Rule 1.380(d) are available.
The failure of a party or an officer or managing agent of a party to appear for the taking of a deposition or to serve answers to interrogatories must be willful to warrant an order under Rule 1.380(d). This order follows the failure to appear after being served with a proper notice or the failure to answer interrogatories properly submitted under Rule 1.340. An anticipatory order is not authorized by this rule.
If the party or an officer or managing agent of a party appears at the taking of the deposition and then refuses to answer a question, or if some interrogatories submitted under Rule 1.340 are answered and others refused or inadequately answered, the proper procedure is to secure an order under Rule 1.380(a) to compel an answer. A refusal to obey such an order, without an affirmative-showing of willfulness, will entail the consequences of Rule 1.380(b), among which are the consequences authorized by this rule.
The court may in its discretion grant additional time to answer interrogatories or allow the completion of the deposition, where such action will promote just determination of the action.
It is not necessary to serve a subpoena to require the attendance of a party or an officer or managing agent of a party at the taking of a deposition. This rule provides the sanction for such attendance if proper notice has been given. The party or officer or managing agent is not personally answerable for a contempt unless he has been served with a subpoena; the contempt proceedings are then governed by Rule 1.410.
Although this rule provides for a contempt if a witness refuses to be sworn, an affirmation by a witness who objects to taking an oath should not subject such a witness to a contempt charge on the ground of refusing to be sworn. This rule covers depositions and interrogatories. A refusal to answer thereunder after the court has ordered that the question shall be answered may be held to be a contempt of the court ordering the answer. Subparagraph (b) of this rule only relates to Rules 1.350, 1.360, and subparagraph (a) of this rule; however subparagraph (a) of this rule covers all rules relating to depositions and interrogatories except Rule 1.370 *1030 as to admissions. Note that (b)(2) deals only with parties or their officers, or managing or authorized agents and does not deal with witnesses who are not in one of the enumerated categories. Under the four subdivisions of (b)(2) the court is given wide latitude and the penalties are far reaching and may if invoked prevent a proper presentation or a proper defense. Under (c) expenses including attorneys fees may be assessed against a party who denies the genuineness of a document or a fact which denial proves untrue. Therefore care must be exercised in deciding whether to refuse to answer or refuse to admit.
This rule by its language does not include Rule 1.370 as to admissions, except for expenses on a sworn denial where the latter is disproved by the requesting party. These penalties under Rule 1.380(c) do not apply to a failure to serve interrogatories, as carefully explained in State Road Department v. Hufford, 161 So.2d 35 (D.C.A.lst 1964). That decision further outlines the limits of judicial discretion in utilizing the severe sanctions of the rule against a defaulting party.
There is no need to apply to the court to compel answers to requests for admissions served under Rule 1.370. If no affirmative step is taken to deny the requests, or if the responses are inadequate, the facts are deemed admitted by operation of that rule.
The penalty under (d) of this rule is severe because the action can be dismissed or a default judgment can be entered. However, the entry of a default judgment against a party who wilfully fails to serve answers to interrogatories can only be applied against a defendant, quite obviously. See Rashard v. Cappiali, 171 So.2d 581 (D.C.A.3d 1965) for a complete discussion as to the sanctions against a plaintiff and the limitations thereof.
RULE 1.525. MOTIONS FOR COSTS AND ATTORNEYS’ FEES
Any party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
Committee Notes
2000 Adoption. This rule is intended to establish a time requirement to serve motions for costs and attorneys’ fees.
Court Commentary
2000 Adoption. This rule only establishes time requirements for iifogserving motions for costs, attorneys’ fees, or both, and in no way affects or overrules the pleading requirements outlined by this Court in Stockman v. Downs, 573 So.2d 835 (Fla.1991).
RULE 1.540. RELIEF FROM JUDGMENT, DECREES, OR ORDERS
(a) Clerical Mistakes. Clerical mistakes in judgments, decrees, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the *1031 judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be madefiled within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.
Committee Notes
1992 Amendment. Subdivision (b) is amended to remove the 1 year limitation for a motion under this rule based on fraudulent financial affidavits in marital cases.
2003 Amendment. Subdivision (b) is amended to clarify that motions must be filed.
Authors’ Comment — 1967
Rule 1.540 is substantially the same as Federal Rule 60, but includes decrees as the object of the relief sought, unlike the Federal Rule. It is identical to former Rule 1.38,1954 Rules of Civil Procedure, as amended, effective in 1962.
This rule applies to orders, decrees and proceedings as well as to judgments, “decrees” apparently being included because those rendered prior to January 1, 1967, may come within this rule.
Subsection (a) relating to clerical mistakes includes only errors or mistakes arising from accidental slip or omission and not errors or mistakes in the substance of what is decided by the judgment or order. Such may be called to court’s attention by motion practiced by any party. Correcting or completing the record-on-appeal is provided for in Florida Appellate Rule 3.61.
Subsection (b) provides for motion practice to relieve a party upon such terms as are just from a final judgment, decree, order, or proceeding on five specified grounds, whereas the comparable Federal Rule provides for an additional reason whenever it justifies relief from operation of the judgment.
The application of the relief provisions is generally within the discretion of the court except when questions of law are involved. For example, if a judgment or decree is void as a matter of law, no discretion would exist but to give proper relief.
The rule requires that the motion for relief be made within a reasonable time, with a one (1) year limitation being applicable to the first three grounds of mistake, et al., newly discovered evidence which could not be discovered by due diligence in time to move for a new trial or rehearing, and fraud or other misconduct of an adverse party.
Since the motion is not in the appellate court, it does not stay proceedings under Florida Appellate Rule 3.9f and will not toll the appeal time. If the motion is granted, the time to appeal will run from the new judgment rendered. Certain former corrective writs for relief are abolished by the rule with relief from a judgment or decree being only by motion as prescribed by the Rules or by an independent action.
When a judgment becomes a judgment of the appellate court, it is necessary to first obtain leave of the appellate court before the lower court has jurisdiction to relieve a party from a judgment. Filing of an appeal, however, does not toll the one year limitation in which a motion to vacate a judgment must be filed.
*1032 Subsection (b) is applicable to obtain relief from an unjust prior decree or judgment and has been liberally construed to provide such remedy. While a denial of the motion is appealable as a final judgment or decree, such appeal will not bring up for review the final decree or judgment sought to be vacated; if the motion is granted, the order is interlocutory, which is appealable as such, unless the court’s action on granting of motion meets the test of finality, in which event it is appealable as a final judgment. See Odum v. Morningstar, 158 So.2d 776 (Fla.D.C.A.2d 1963).
The power of the court is discretionary and a party has no absolute right to invoke it. It is incumbent upon the moving party to show the existence of adequate grounds to justify the exercise of such power.
Although the rule speaks of abolishing writs of coram nobis and coram vobis, such motions are still available in criminal procedure.
Moreover, as in the Federal Rule, Rule 1.540(b) does not extend to interlocutory judgments.
Finally, it should be carefully noted that there is an express saving clause in Rule 1.540(b) which does not limit the power of the court to set aside a judgment or decree for fraud upon the court. There is no time limit on the exercise of this power, nor on the right to bring an independent action under this rule.
Rule 1.650. MEDICAL MALPRACTICE PRESUIT SCREENING RULE
(a) Scope of Rule. This rule applies only to the procedures prescribed by section 76^57766.106, Florida Statutes, for presuit screening of claims for medical malpractice.
(b) Notice.
(1) Notice of intent to initiate litigation sent by certified mail to and received by any prospective defendant shall operate as notice to the person and any other prospective defendant who bears a legal relationship to the prospective defendant receiving the notice. The notice shall make the recipient a party to the proceeding under this rule.
(2) The notice shall include the names and addresses of all other parties and shall be sent to each party.
(3) The court shall decide the issue of receipt of notice when raised in a motion to dismiss or to abate an action for medical malpractice.
(c)Discovery.
(1) Types. Upon receipt by a prospective defendant of a notice of intent to initiate litigation, the parties may obtain presuit screening discovery by one or more of the following methods: unsworn statements upon oral examination; production of documents or things; and physical examinations. Unless otherwise provided in this rule, the parties shall make discoverable information available without formal discovery. Evidence of failure to comply with this rule may be grounds for dismissal of claims or defenses ultimately asserted.
(2) Procedures for Conducting.
(A) Unsworn Statements. The parties may require other parties to appear for the taking of an unsworn statement. The statements shall only be used for the purpose of presuit screening and are not discoverable or admissible in any civil action for any purpose by any party. A party desiring to take the unsworn statement of any party shall give reasonable notice in writing to all parties. The notice shall state the time and place for taking the statement and the name and address of the party to be examined. Unless otherwise impractical, the examination of any party shall be done at the same time by all other parties. Any party may be represented by an attorney at the taking of an unsworn statement. Statements may *1033 be electronically or stenographically recorded, or recorded on video tape. The taking of unsworn statements is subject to the provisions of rule 1.310(d) and may be terminated for abuses. If abuses occur, the abuses shall be evidence of failure of that party to comply with the good faith requirements of section 768.57 766.106, Florida Statutes.
(B) Documents or Things. At any time after receipt by a party of a notice of intent to initiate litigation, a party may request discoverable documents or things. The documents or things shall be produced at the expense of the requesting party within 20 days of the date of receipt of the request. A party is required to produce discoverable documents or things within that party’s possession or control. Copies of documents produced in response to the request of any party shall be served on all other parties. The party serving the documents shall list the name and address of the parties upon whom the documents were served, the date of service, the manner of service, and the identity of the document served in the certificate of service. Failure of a party to comply with the above time limits shall not relieve that party of its obligation under the statute but shall be evidence of failure of that party to comply with the good faith requirements of section 768.57-766.106, Florida Statutes.
(C) Physical Examinations. Upon receipt by a party of a notice of intent to initiate litigation and within the presuit screening period, a party may require a claimant to submit to a physical examination. The party shall give reasonable notice in writing to all parties of the time and place of the examination. Unless otherwise impractical, a claimant shall be required to submit to only one examination on behalf of all parties. The practicality of a single examination shall be determined by the nature of the claimant’s condition as it relates to the potential liability of each party. The report of examination shall be made available to all parties upon payment of the reasonable cost of reproduction. The report shall not be provided to any person not a party at any time. The report shall only be used for the purpose of presuit screening and the examining physician may not testify concerning the examination in any subsequent civil action. All requests for physical examinations or notices of unsworn statements shall be in writing and a copy served upon all parties. The requests or notices shall bear a certificate of service identifying the name and address of the person upon whom the request or notice is served, the date of the request or notice, and the manner of service.
(3) Work Product. Work product generated by the presuit screening process that is subject to exclusion in a subsequent proceeding is limited to verbal or written communications that originate pursuant to the presuit screening process.
(d) Time Requirements.
(1) The notice of intent to initiate litigation shall be served by certified mail, return receipt requested, prior to the expiration of any applicable statute of limitations or statute of repose. If an extension has been granted under section 768.495(2) 766.104(2), Florida Statutes, or by agreement of the parties, the notice shall be served within the extended period.
(2) The action may not be filed against any defendant until 90-days after the notice of intent to initiate litigation was mailed to that party. The action may be filed against any party at any time after the notice of intent to initiate litigation has been mailed after the claimant has received a written rejection of the claim from that party.
(3) To avoid being barred by the applicable statute of limitations, an action must be filed within 60 days or within the remainder of the time of the statute of limitations after the notice of intent to initiate litigation was received, whichever is longer, and the earliest of the following:
*1034 (A) The expiration of 90 days after the date of receipt of the notice of intent to initiate litigation.
(B) The expiration of 180 days after mailing of the notice of intent to initiate litigation if the claim is controlled by section 768.28(6)(a), Florida Statutes.
(C) Receipt by claimant of a written rejection of the claim.
(D) The expiration of any extension of the 90 day presuit screening period stipulated to by the parties in accordance with section 7-6§.57(4)-766.106(4), Florida Statutes.
Committee Notes
2000 Amendment. The reference to the statute of repose was added to subdivision (d)(3)(l) pursuant to Musculoskeletal Institute Chartered v. Parham, 745 So.2d 946 (Fla.1999).
RULE 1.750. COUNTY COURT ACTIONS
(a) Applicability. This rule applies to the mediation of county court matters and issues only and controls over conflicting provisions in rules 1.700, 1.710, 1.720, and 1.730.
(b) Limitation on Referral to Mediation. When a mediation program utilizing volunteer mediators is unavailable or otherwise inappropriate, county court matters may be referred to a mediator or mediation program which charges a fee. Such order of referral shall advise the parties that they may object to mediation on grounds of financial hardship or on any ground set forth in rule 1.700424(b). If a party objects, mediation shall not be conducted until the court rules on the objection. The court may consider the amount in controversy, the objecting party’s ability to pay, and any other pertinent information in determining the propriety of the referral. When appropriate, the court shall apportion mediation fees between the parties.
(c) Scheduling. In small claims actions, the mediator shall be appointed and the mediation conference held during or immediately after the pretrial conference unless otherwise ordered by the court. In no event shall the mediation conference be held more than 14 days after the pretrial conference.
(d) Appointment of the Mediator. In county court actions not subject to the Florida Small Claims Rules, rule 1.720(f) shall apply unless the case is sent to a mediation program provided at no cost to the parties.
(e) Appearance at Mediation. In small claims actions, an attorney may appear on behalf of a party at mediation provided that the attorney has full authority to settle without further consultation. Unless otherwise ordered by the court, a nonlawyer representative may appear on behalf of a party to a small claims mediation if the representative has the party’s signed written authority to appear and has full authority to settle without further consultation. In either event, the party need not appear in person. In any other county court action, a party will be deemed to appear if the persons set forth in rule 1.720(b) are physically present.
(f) Agreement. Any agreements reached as a result of small claims mediation shah be written in the form of a stipulation. The stipulation may be entered as an order of the court.
RULE 1.810. SELECTION AND COMPENSATION OF ARBITRATORS
(a) Selection. The chief judge of the circuit or a designee shall maintain a list of qualified persons who have agreed to serve as arbitrators. Cases assigned to *1035 arbitration shall be assigned to an arbitrator or to a panel of 3 arbitrators. The court shall determine the number of arbitrators and designate them within 15 days after service of the order of referral in the absence of an agreement by the parties. In the case of a panel, one of the arbitrators shall be appointed as the chief arbitrator. Where there is only one arbitrator, that person shall be the chief arbitrator.
(b) Compensation. The chief judge of each judicial circuit shall establish the compensation of arbitrators subject to the limitations in section 44.103(g)(3), Florida Statutes.
Committee Notes
2003 Amendment. The statutory reference in subdivision (b) is changed to reflect changes in the statutory numbering.
RULE 1.820. HEARING PROCEDURES FOR NON-BINDING ARBITRATION
(a) Authority of the Chief Arbitrator. The chief arbitrator shall have authority to commence and adjourn the arbitration hearing and carry out other such duties as are prescribed by section 44.103, Florida Statutes. The chief arbitrator shall not have authority to hold any person in contempt or to in any way impose sanctions against any person.
(b) Conduct of the Arbitration Hearing.
(1) The chief judge of each judicial circuit shall set procedures for determining the time and place of the arbitration hearing and may establish other procedures for the expeditious and orderly operation of the arbitration hearing to the extent such procedures are not in conflict with any rules of court.
(2) Hearing procedures shall be included in the notice of arbitration hearing sent to the parties and arbitration panel.
(3) Individual parties or authorized representatives of corporate parties shall attend the arbitration hearing unless excused in advance by the chief arbitrator for good cause shown.
(e)Rules of Evidence. The hearing shall be conducted informally. Presentation of testimony shall be kept to a minimum, and matters shall be presented to the arbitrator(s) primarily through the statements and arguments of counsel.
(d) Orders. The chief arbitrator may issue instructions as are necessary for the expeditious and orderly conduct of the hearing. The chief arbitrator’s instructions are not appealable. Upon notice to all parties the chief arbitrator may apply to the presiding judge for orders directing compliance with such instructions. Instructions enforced by a court order are appealable as are other orders of the court.
(e) Default of a Party. When a party fails to appear at a hearing, the chief arbitrator may proceed with the hearing and the arbitration panel shall render a decision based upon the facts and circumstances as presented by the parties present.
(f) Record and Transcript. Any party may have a record and transcript made of the arbitration hearing at that party’s expense.
(g) Completion of the Arbitration Process.
(1) Arbitration shall be completed within 30 days of the first arbitration hearing unless extended by order of the court on motion of the chief arbitrator or of a party. *1036 No extension of time shall be for a period exceeding 60 days from the date of the first arbitration hearing.
(2) Upon the completion of the arbitration process, the arbitrator(s) shall render a decision. In the case of a panel, a decision shall be final upon a majority vote of the panel.
(3) Within 10 days of the final adjournment of the arbitration hearing, the arbitrator(s) shall notify the parties, in writing, of their decision. The arbitration decision may set forth the issues in controversy and the arbitrator(’s)(s’) conclusions and findings of fact and law. The arbitrator(’s)(s’) decision and the originals of any transcripts shall be sealed and filed with the clerk at the time the parties are notified of the decision.
(h) Time for Filing Motion for Trial. Any party may file a motion for trial. If a motion for trial is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(4X5), Florida Statutes.
Committee Notes
The Supreme Court Committee on Mediation and Arbitration Rules recommends that a copy of the local arbitration procedures be disseminated to the local bar.
1988 Adoption. Arbitration proceedings should be informal and expeditious. The court should take into account the nature of the proceedings when determining whether to award costs and attorneys’ fees after a trial de novo. Counsel are free to file exceptions to an arbitration decision or award at the time it is to be considered by the court. The court should consider such exceptions when determining whether to award costs and attorneys’ fees. The court should consider rule 1.442 concerning offers of judgment and section 45.061, Florida Statutes (1985), concerning offers of settlement, as statements of public policy in deciding whether fees should be awarded.
2003 Amendment. The statutory reference in subdivision (h) is changed to reflect changes in the statutory numbering.
RULE 1.840. JUDICIAL WAIVER OF PARENTAL NOTICE -OF ABORTION
(a)-Applicability. This rule applies to-proceedings-instttuted pursuant -to section 390.01115, Florida Statutes, effective July 1¡-1999>
(b)-Commencemenh- A petition for judicial-waiver-of parental notice of-abortion-shall be commenced by-filing a-petition in circuit court. — No filing-fee or-eourt- costs-shall be assessed against the petitioner.
(c) Petition, The petition shall includes
(1) the name of the minor ,-and atelephone number and address for confidential notice?
(2) the name, address, and telephone number- of the petitionary if other-than the minor, and the relationship of the petitioner to the minor;
(3) the- dato of birth of the minor;
(4) a statement that the minor is pregnant'and notice4ias-not been waived;
*1037 (5) a statement that the minor desires to-terminate her pregnancy without notice to a parent or legal guardian; and
(6) a short and plain statement of the facts and-the basis for establishing any of the following:
(A) The-minor is sufficiently mature to decide-whether to terminate her pregnancy.
(B) The minor is a victim of child abuse or sexual abuse by one-or both of her parents or guardian.
(C) Notification of a parent-or guardian is not-ia-the best interest of tho minor-
(d) -Guardian ad litem. As provided by-section -390.01115(4-)(a), Florida Statutes, the court may appoint a guardian-ad litem-for the minor; A guardian ad litem appointed under the-statute-shall-act to maintain the confidentiality of the proceed-
(e) -Gounselr-As provided by section 390.01115(d-)(a), Florida-Statutes, the circuit court shall advise-the minor that she has a right to court-appointed counsel and- shall provide-the minor with counsel upon her request.
(f) Notice o 1-Hearing. Before a hearing-is-held,-notice shall be given to tho minor-or the petitioner, if other tfaan- the minor, or, if the petition is filed by counsel, to counsel. — Notice also shall be-given to-the minor’s guardian ad litem if one has been appointed-under section 390.0111-5(4)(a-) — Florida-Statutes.
(g) -Time Limits.. As-provided-by section 390.01tlg(4)(b),Florida Statutes:
(!-)■ The court shall rule,-and-issue written findings ofdiaot- and-conclusions of law, within 48-hours- after-the petition is-filed, except that-the 48-hour limitation may be extended at tho request o£-the minor,
(2) If the Court fails-to rule -within the 48 hour-period and-an extension has not been requested, the petition- shall-be deemed granted and-the-notic-e-requirement waived-;- and the clerk shall place -a^eertificate-to this-effect in the file.
(h) Transcript; Order- and Judgment, — As-provided by-section 390.01115(4)(e), Florida Statutes, acourtdhat conducts proceedings under the-statute shall:
(1) provide for a written transcript of all testimony and proceedings;
(2) issue written and-specific findings and legal-conclusions supporting its decision; and
(3)-order that a confidential record- of-the evidence and the judge’s findings and conclusions be maintained.
(i) Confidentiality, As provided by statute;- any information in documents related to the-petition which could be used to identify-the minor is confidential. So that the minor-shall remain anonymous, the-court file shall be sealed unless otherwise ordered-by the court.
FORM 1.902. SUMMONS
(a) General Form.
SUMMONS
*1038 THE STATE OP FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant.
Each defendant is required to serve written defenses to the complaint or petition on., plaintiffs attorney, whose address is., within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiffs attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
DATED on.
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
(b) Form for Personal Service on Natural Person.
SUMMONS
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on defendant.
DATED on
CLERK OF THE CIRCUIT COURT
(SEAL)
(Name of Clerk)
As Clerk of the Court
By
As Deputy Clerk
IMPORTANT
A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).
If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the “Plaintiff/Plaintiffs Attorney” named below.
*1039 IMPORTANTE
Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefónica.
Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como “Plaintiff/Plaintiff s Attorney” (Demandante o Abogado del Demandante).
IMPORTANTE
Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l’assignation de eette citation pour deposer une reponse eerite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse eerite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse eerite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. II y a d’autres obligations juridiques et vous pouvez requerir les services immediats d’un avocat. Si vous ne connaissez pas d’avocat, vous pourriez telephoner a un service de reference d’avocats ou a un bureau d’assistanee juridique (figurant a l’annuaire de telephones).
Si vous choisissez de deposer vous-meme une reponse eerite, il vous faudra egalement, en meme temps que cette formalite, faire parvenú ou expedier une copie de votre reponse eerite au “Plaintiff/Plaintiffs Attorney” (Plaignant ou a son avocat) nomme ci-dessous.
Plaintiff/Plaintiffs Attorney
Address
Florida Bar No.
THE STATE OF-F-LORIDA: To Each-Sheriff of the State:
YOd ARE COMMANDED to serve thiBHBummons and a copy of the complaint in this lawsuit on the above-named defendant.
DATE-D-on .. .
CLERK OF THE CIRCUIT COURT
(BEAL)
*1040 (Name of Clerk) As Clerk of-the Court
% As Deputy Clerk
(c) Forms for Service by Mail.
(1) Notice of Lawsuit and Request for Waiver of Service of Process.
NOTICE OF COMMENCEMENT OF ACTION
TO: (Name of defendant or defendant’s representative)
A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. The complaint has been filed in the (Circuit or County) Court for the.and has been assigned case no.: .
This is not a formal summons or notification from the court, but is rather my request that you sign the enclosed waiver of service of process form in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 20 days (30 days if you do not reside in the United States) after the date you receive this notice and request for waiver. I have enclosed a stamped self-addressed envelope for your use. An extra copy of the notice and request, including the waiver, is also attached for your records.
If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The lawsuit will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to respond to the complaint until 60 days after the date on which you received the notice and request for waiver.
If I do not receive the signed waiver within 20 days from the date you received the notice and the waiver of service of process form, formal service of process may be initiated in a manner authorized by the Florida Rules of Civil Procedure. You (or the party on whose behalf you are addressed) will be required to pay the full cost of such service unless good cause is shown for the failure to return the waiver of service.
I hereby certify that this notice of lawsuit and request for waiver of service of process has been sent to you on behalf of the plaintiff on.(date).
Plaintiffs Attorney or Unrepresented Plaintiff
(2) Waiver of Service of Process.
WAIVER OF SERVICE OF PROCESS
TO: (Name of plaintiffs attorney or unrepresented plaintiff)
I acknowledge receipt of your request that I waive service of process in the lawsuit of.v.in the.Court in . I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.
*1041 I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Fla. R. Civ. P. 1.070.
If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:
(describe relationship to person or entity and authority to accept service)
I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.
I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.
DATED on.
Defendant or Defendant’s Representative
Committee Notes
1988 Amendment. Two forms are now provided: 1 for personal service on natural persons and 1 for other service by summons. The new form for personal service on natural persons is included to ensure awareness by defendants or respondents of their obligations to respond.
The summons form for personal service on natural persons is to be used for service on natural persons under the following provisions: sections 48.031 (service of process generally), 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.183 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state), Florida Statutes.
The former, general summons form is to be used for all other service by summons, including service under sections 48.061 (service on partnership), 48.071 (service on agents of nonresidents doing business in the state), 48.081 (service on corporation), 48.101 (service on dissolved corporations), 48.111 (service on public agencies or officers), 48.121 (service on the state), 48.131 (service on alien property custodian), 48.141 (service on labor unions), 48.151 (service on statutory agents for certain purposes), Florida Statutes, and all statutes providing for substituted service on the secretary of state.
The form for personal service on natural persons contains Spanish and French versions of the English text to ensure effective notice on all Floridians. In the event of space problems in the summons form, the committee recommends that the non-English portions be placed on the reverse side of the summons.
1992 Amendment, (b): The title is amended to eliminate confusion by the sheriffs in effecting service.
1996 Amendment. Form 1.902(e) was added for use with rule 1.070(i).
*1042 FORM 1.906. ATTACHMENT — FORECLOSURE
WRIT OF ATTACHMENT
THE STATE OF FLORIDA: To Each Sheriff of the State:
YOU ARE COMMANDED to take and hold the following described property:
(describe property)
or so much of it as can be found sufficient to satisfy the debt to be foreclosed.
ORDERED at.. Florida, on.- ... . (date).
Judge
Committee Notes
1980 Amendment. The direction is modernized and the combination with the summons deleted. A writ of attachment must now be issued by a judge under section 76.03, Florida Statutes (1979).
FORM 1.977. FACT INFORMATION SHEET
(a) For Individuals.
(CAPTION)
FACT INFORMATION SHEET
Full Legal Name: -
Nicknames or Aliases: -
Residence Address: -
Mailing Address (if different: -
Telephone Numbers: (Home)-(Business)-
Name of Employer: --
Address of Employer: -—
Position or Job Description: -
Rate of Pay: $_per_Average Paycheck: $-per-
Average Commissions or Bonuses: $_ per-Commissions or bonuses are based on-—
Other Personal Income: $-from-
(Explain details on the back of this sheet or on an additional sheet if necessary.)
Social Security Number: -Birthdate: -
Driver’s License Number: --
Marital Status: _Spouse’s Name: -

Spouse Related Portion

Spouse’s Address (if different): -
Spouse’s Social Security Number: -Birthdate:
Spouse’s Employer: -
Spouse’s Average Paycheck or Income: $-per-
*1043 Other Family Income: $_per_(Explain details on back of this sheet or on an additional sheet if necessary.)
Describe all other accounts or investments you may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or on an additional sheet if necessary.
Names and Ages of All Your Children (and addresses if not living with you): _
Child Support or Alimony Paid: $_per_
Names of Others You Live With: _
Who is Head of Your Household? _You_Spouse_Other Person
Checking Account at: _Account #_
Savings Account at: _Account #_
For Real Estate (land) You Own or Are Buying:
Address: _
All Names on Title: _
Mortgage Owed to: _
Balance Owed: _
Monthly Payment: $_
(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or on an additional sheet if necessary. Also provide the same information on any other property you own or are buying.)
For All Motor Vehicles You Own or Are Buying:
Year/Make/Model: _ Color: _
Vehicle ID No: _Tag No: _Mileage: _
Names on Title: _Present Value: $_
Loan Owed to: _
Balance on Loan: $_
Monthly Payment: $_
(List all other automobiles, as well as other vehicles, such as boats, motorcycles, bicycles, or aircraft, on the back of this sheet or on an additional sheet if necessary.)
Have you given, sold, loaned, or transferred any re'al or personal property worth more than $100 to any person in the last year? If your answer is “yes,” describe the property, market value, and sale price, and give the name and address of the person who received the property.
Does anyone owe you money? Amount Owed: $_
Name and Address of Person Owing Money: _
Reason money is owed: _
Please attach copies of the following:
a. Your last pay stub.
b. Your last 3 statements for each bank, savings, credit union, or other financial account.
c. Your motor vehicle registrations and titles.
d. Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting.
e. Your financial statements, loan applications, or lists of assets and liabilities submitted to any person or entity within the last 3 years.
f. Your last 2 income tax returns filed.
UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.
*1044 Judgment Debtor
STATE OF FLORIDA COUNTY OF.
The foregoing instrument was acknowledged before me this.day of., (year.), by., who is personally known to me or has produced . as identification and who . did/did not. take an oath.
WITNESS my hand and official seal, this.day of., (year.).
Notary Public State of Florida
My Commission expires: .
THE JUDGMENT DEBTOR SHALL FILE WITH THE CLERK OF THE COURT A NOTICE OF COMPLIANCE AFTER THE ORIGINAL FACT INFORMATION SHEET, TOGETHER WITH ALL ATTACHMENTS, HAS BEEN DELIVERED TO THE JUDGMENT CREDITOR’S ATTORNEY, OR TO THE JUDGMENT CREDITOR IF THE JUDGMENT CREDITOR IS NOT REPRESENTED BY AN ATTORNEY.
(b) For Corporations and Other Business Entities.
(CAPTION)
FACT INFORMATION SHEET
Name of entity:- . —
Name and title of person filling out this form: —
Telephone number: . - . —
Place of business:.- ... —
Mailing address (if different): -.— .
Gross/taxable income reported for federal income tax purposes last three years:
$- „/$ , $ /$ $-/$ — —
Taxpayer identification number: ... — . :—
Is this entity an S corporation for federal income tax purposes?-Yes _ No
Average number of employees per month
Name of each shareholder, member, or partner owning 5% or more of the entity’s common stock, preferred stock, or other equity interest:
Names of officers, directors, members, or partners:
Checking account at: .- . Account #. .
Savings account at: . .. .Account # — .— —
Does the entity own any vehicles?_ . Yes No
For each vehicle please state:
Year/Make/Model: Color:- _
Vehicle ID No: Tag No: . Mileage:
Names on Title:. , , , Present
Loan Owed to: _ - — — —
Balance on Loan: $.
*1045 Monthly Payment: $ _ Does the entity own any real property? Yes No
If yes, please state the address(es):
Please check if the entity owns the following:
Boat
Camper
Stocks/bonds
- Other real property
— Other personal property
Please attach copies of the following:
1. Copies of state and federal income tax returns for the past 3 years.
2. All bank, savings and loan, and other account books and statements for accounts in institutions in which the entity had any legal or equitable interest for the past 3 years.
3. All canceled checks for the 12 months immediately preceding the service date of this Fact Information Sheet for accounts in which the entity held any legal or equitable interest.
4. All deeds, leases, mortgages, or other written instruments evidencing any interest in or ownership of real property at any time within the 12 months immediately preceding the date this lawsuit was Sled.
5. Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from the entity within the 12 months immediately preceding the date this lawsuit was filed.
6. Motor vehicle or vessel documents, including titles and registrations relating to any motor vehicles or vessels owned by the entity alone or with others.
7. Financial statements as to the entity’s assets, liabilities, and owner’s equity prepared within the 12 months immediately preceding the service date of this Fact Information Sheet.
8. Minutes of all meetings of the entity’s members, partners, shareholders, or board of directors held within 2 years of the service date of this Fact Information Sheet.
9. Resolutions of the entity’s members, partners, shareholders, or board of directors passed within 2 years of the service date of this Fact Information Sheet.
UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.
Judgment Debtor’s Designated Representative/Title
STATE OF FLORIDA COUNTY OF.
The foregoing instrument was acknowledged before me on.(date) .who is personally known to me or has produced. as identification and who.did/did not.take an oath.
WITNESS my hand and official seal, this.day of ... (year).
*1046 Notary Public State of Florida
My Commission expires: .
THE JUDGMENT DEBTOR SHALL FILE WITH THE CLERK OF THE COURT A NOTICE OF COMPLIANCE AFTER THE ORIGINAL FACT INFORMATION'SHEET, TOGETHER WITH ALL ATTACHMENTS, HAS BEEN DELIVERED TO THE JUDGMENT CREDITOR’S ATTORNEY, OR TO THE JUDGMENT CREDITOR IF THE JUDGMENT CREDITOR IS NOT REPRESENTED BY AN ATTORNEY.
Committee Notes
2000 Adoption. This form is added to comply with amendments to rule 1.560. FORM 1.981. SATISFACTION OF JUDGMENT
SATISFACTION OF JUDGMENT
The undersigned, the owner and holder of that certain final .judgment rendered in the above-captioned civil action, dated.. recorded in.County, Official Records Book.beginning at Page., does hereby acknowledge that all sums due under it have been fully paid and that final judgment is hereby satisfied and is canceled and satisfied of record.
DATED on.....
Judgment Owner and Holder (or their attorney)
Committee Note
2003 Amendment. This satisfaction of .judgment is a general form. It is a new form. To ensure identity of the signer, notarization is prudent but not required. If a certified copy of the judgment is recorded, it may be prudent to include that recording information.
FORM 1.988. JUDGMENT AFTER DEFAULT
(a) General Form. This form is the general form for a judgment after default, not including recovery for prejudgment interest and attorneys’ fees:
FINAL JUDGMENT
This action was heard after entry of default against defendant and
IT IS ADJUDGED that plaintiff,.(name and address)., recover from defendant,.(name and address, and social security number7 if known)., the sum of $ .with costs in the sum of $ ., that shall bear interest at the rate of ... % a year, for which let execution issue.
ORDERED at.. Florida, on.(date).
Judge
(b) Form with Interest and Fees. This form is for judgment after default including prejudgment interest and attorneys’ fees recovered:
*1047 FINAL JUDGMENT
This action was heard after entry of default against defendant and
IT IS ADJUDGED that plaintiff,.(name and address)., recover from defendant,.(name and address, and social security number if known)., the sum of $.on principal, $.for attorneys’ fees with costs in the sum of $ ..., and prejudgment interest in the sum of $.. making a subtetaltotal of $.that shall bear interest at the rate of ... % a year-aud in addition the plaintiff shall recover prejudgment interest of $ ..., for which let execution issue.
ORDERED at., Florida, on.(date).
Judge
NOTE: The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; Hott Interiors, Inc. v. Fostock, 721 So. 2d 1236 (Fla. 4th DCA 1998). The address and social security number (if known) of each person against whom the judgment is rendered must be included in the judgment, pursuant to section 55.01(2), Florida Statutes.
Committee Notes
1980 Adoption. This form is new.
2003 Amendment. Subdivision (b) is amended to include prejudgment interest in the total judgment pursuant to Quality Engineered Installation, Inc, v. Higleti South Inc., 670 So. 2d 929 (Fla. 1996). FORM 1.999. PETITION FOR JUDICIAL WAIVER OF-PARENTAL NOTICE OF ABORTION
PETITION FOR JUDICIAL WAIVER OF PARENTAL NOTICE OF ABORTION
I,.■■■■., certify that the-following statements are true:
(1)The name-of the-minor -is ....-;. The telephone-number-and address for confidential notice-is-... -.
(2) If-the petitioner is-someone other- than the minor, the name, address,, and telephone number of tho petitioner is. — and the relationship ef-the petitioner-to the minor is.
(3) The minor’s dato-of birth-is.
(4) The-minor-is pregnant and-notiee-has not been waived.
(5) The minor desires to terminate her pregnancy without notice to a parent-or legal guardian-for the following-reason(s): [check any that apply]
a. The minor is-sufficiently mature to decide whether-to terminate her pregnancy, as-evidenced by:
*1048 [[Image here]]
b. The minor-is- a-victim of child-abuse or sexual abuse by-ene or both-ef-ber parents or guardian.
c. Notification of a parent or guardian is not in tho best interest of tho-minnr for the following'reasons):
[[Image here]]
The-miner requests that the-court enter-an order -authorizing her to- consent to the termination of her- pregnancy-without notification of -a-parent-er-legal guardian-
■I understand that-I-am-swearing or-affirming under oath-to-the truthfulness of-fte claims made in this petition-and that the punishment f-or-k-nowingly-making a false-statement includes-fines- and/or imprisonment?
Dated: .
Signature:
-Printed Name:-- —....
STATE OF FLORIDA COUNTY-QF ,
Sworn-to-or affirmed-and-signed before me -on —hy-
NOTAR-Y-PÜBLÍC-STATE OF FLORIDA
[Print, type,-or-stamp-eommissioned name-of~notary-]
Personally-known
Produced-identification
Type of identification-produced-
RULE 9.110. APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NON-JURY CASES
(a)Applicability. This rule applies to those proceedings that
(1) invoke the appeal jurisdiction of the courts described in rules 9.030(a)(1), (b)(1)(A), and (c)(1)(A);
(2) seek review of orders entered in probate and guardianship matters that finally determine a right or obligation of an interested person as defined in the Florida Probate Code;
(3) seek review of administrative action described in rules 9.030(b)(1)(C) and (c)(1)(C); and
*1049 (4) seek review of orders granting a new trial in jury and non-jury civil and criminal cases described in rules 9.130(a)(4) and 9.140(c)(1)(C).
(b) Commencement. Jurisdiction of the court under this rule shall be invoked by filing 2 copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c) Exception; Administrative Action. In an appeal to review final orders of lower administrative tribunals, the appellant shall file the original notice with the clerk of the lower administrative tribunal within 30 days of rendition of the order to be reviewed, and file a copy of the notice, accompanied by the filing fees prescribed by law, with the clerk of the court.
(d) Notice of Appeal. The notice of appeal shall be substantially in the form prescribed by rule 9.900(a). The caption shall contain the name of the lower tribunal, the name and designation of at least 1 party on each side, and the case number in the lower tribunal. The notice shall contain the name of the court to which the appeal is taken, the date of rendition, and the nature of the order to be reviewed. Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice together with any order entered on a timely motion postponing rendition of the order or orders appealed.
(e) Record. Within 50 days of filing the notice, the clerk shall prepare the record prescribed by rule 9.200 and serve copies of the index on all parties. Within 110 days of filing the notice, the clerk shall transmit the record to the court.
(f) Briefs. Appellant’s initial brief shall be served within 70 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(g) Cross-Appeal. An appellee may cross-appeal by serving a notice within 10 days of service of the appellant’s notice or within the time prescribed in subdivision (b) of this rule, whichever is later. No filing fee shall be required for a cross-appeal.
(h) Scope of Review. The court may review any ruling or matter occurring before filing of the notice. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order.
(i) Exception; Bond Validation Proceedings. If the appeal is from an order in a proceeding to validate bonds or certificates of indebtedness, the record shall not be transmitted unless ordered by the supreme court. Appellant’s initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(j) Exception; Appeal Proceedings from District Courts of Appeal. If the appeal is from an order of a district court of appeal, the clerk shall transmit the record to the court within 60 days of filing the notice. Appellant’s initial brief shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(k) Review of Partial Final Judgments. Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition.
(l) Exception. If an unmarried-minor-or another person-on her-behalf appeals an order denying a petition for judicial waiver-of parental notice' of abortion, the-district court of appeal shall render its decision on the appeal as expeditiously as -possible *1050 and by no later than 10 days from the filing of-the notice of appeal. Briefs- or oral argument may be ordered at the-discretion of the-district-court-of appeal. — If no decision is rendered -within- the foregoing-time period, the-order-shall-be-deeroed rever-sed, the petition shall-be deemed granted, and-the clerk shall place a certificate-to this effect in the file. The-appeal-and-all-proceedings thereon -shall be-cenfidential so that the minor shall remain anonymous. The file shall remain sealed unless otherwise ordered by the court. Should the petition be granted, the clerk shall furnish the petitioner a certified copy of the decision or clerks certificate for delivery to the minor’s physician. No filing fee shall-be required for -an appeal of-the denial of a waiver of parental notice of abortion.
Premature Appeals. If a notice of appeal is filed before rendition of a final order, the appeal shall be subject to dismissal as premature. However, if a final order is rendered before dismissal of the premature appeal, the premature notice of appeal shall be considered effective to vest jurisdiction in the court to review the final order. Before dismissal, the court in its discretion may permit the lower tribunal to render a final order.
fn)(m) Exception; Insurance Coverage Appeals. Judgments that determine the existence or nonexistence of insurance coverage in cases in which a claim has been made against an insured and coverage thereof is disputed by the insurer may be reviewed either by the method prescribed in this rule or that in rule 9.180.
Amended March 27, 1980, effective April 1, 1980 (381 So.2d 1370); Nov. 26, 1980, effective Jan. 1,1981 (391 So.2d 203); Sept. 13,1984, effective Jan. 1,1985 (463 So.2d 1114); amended and effective Oct. 17, 1988 (536 So.2d 198); Oct. 22, 1992, effective Jan. 1, 1993 (609 So.2d 516); Nov. 22, 1996, effective Jan. 1, 1997 (685 So.2d 773); June 24,1999, effective July 1,1999 (756 So.2d 27).
COMMITTEE NOTES
1977 Amendment. This rule replaces former rules 3.1, 3.5, 4.1, 4.3, 4.4, and 4.7. It applies when (1) a final order has been entered by a court or administrative agency; (2) a motion for a new trial in a jury case is granted; or (3) a motion for rehearing in a non-jury case is granted and the lower tribunal orders new testimony. It should be noted that certain other non-final orders entered after the final order are reviewable under the procedure set forth in rule 9.130. This rule does not apply to review proceedings in such cases.
Except to the extent of conflict with rule 9.140 governing appeals in criminal cases, this rule governs: (1) appeals as of right to the supreme court; (2) certiorari proceedings before the supreme court seeking direct review of administrative action (for example, Industrial Relations Commission and Public Service Commission); (3) appeals as of right to a district court of appeal, including petitions for review of administrative action under the Administrative Procedure Act, section 120.68, Florida Statutes (Supp.1976); (4) appeals as of right to a circuit court, including review of administrative action if provided by law.
This rule is intended to clarify the procedure for review of orders granting a new trial. Rules 9.130(a)(4) and 9.140(c)(1)(C) authorize the appeal of orders granting a motion for new trial. Those rules supersede Clement v. Aztec Sales, Inc., 297 So.2d 1 (Fla.1974), and are consistent with the decision there. Under subdivision (h) of this rule the scope of review of the court is not necessarily limited to the order granting a new trial. The supreme court has held that “appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possible.” Bowen v. Willard, 340 So.2d 110, 112 (Fla.1976). This rule implements that decision.
Subdivisions (b) and (c) establish the procedure for commencing an appeal proceeding. Within 30 days of the rendition of the final order the appellant must file *1051 2 copies of the notice of appeal, accompanied by the appropriate fees, with the clerk of the lower tribunal; except that if review of administrative action is sought, 1 copy of the notice and the applicable fees must be filed in the court. Failure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect, but the second copy and fees may be filed after the 30-day period, subject to sanctions imposed by the court. See Williams v. State, 324 So.2d 74 (Fla.1975); Fla. R.App. P. 9.040(h).
Subdivision (d) sets forth the contents of the notice and eliminates the requirement of the former rule that the notice show the place of recordation of the order to be reviewed. The rule requires substantial compliance with the form approved by the supreme court. The date of rendition of the order for which review is sought must appear on the face of the notice. See the definition of “rendition” in Florida Rule of Appellate Procedure 9.020, and see the judicial construction of “rendition” for an administrative rule in Florida Admin. Comm’n v. Judges of the District Court, 351 So.2d 712 (Fla.1977), on review of Riley-Field Co. v. Askew, 336 So.2d 383 (Fla. 1st DCA 1976). This requirement is intended to allow the clerk of the court to determine the timeliness of the notice from its face. The advisory committee intended that defects in the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced.
This rule works significant changes in the review of final administrative action. The former rules required that a traditional petition for the writ of certiorari be filed if supreme court review was appropriate, and the practice under the Administrative Procedure Act, section 120.68, Florida Statutes (Supp.1976), has been for the “petition for review” to be substantially similar to a petition for the writ of certiorari. See Yamaha Int’l Corp. v. Ehrman, 318 So.2d 196 (Fla. 1st DCA 1975). This rule eliminates the need for true petitions in such cases. Instead, a simple notice is filed, to be followed later by briefs. It is intended that the notice constitute the petition required in section 120.68(2), Florida Statutes (Supp.1976). There is no conflict with the statute because the substance of the review proceeding remains controlled by the statute, and the legislature directed that review be under the procedures set forth in these rules. Because it is a requirement of rendition that an order be written and filed, this rule supersedes Shevin ex rel. State v. Public Service Comm’n, 333 So.2d 9 (Fla.1976), and School Bd. v. Malbon, 341 So.2d 523 (Fla. 2d DCA 1977), to the extent that those decisions assume that reduction of an order to writing is unnecessary for judicial review.
This rule is not intended to affect the discretionary nature of direct supreme court review of administrative action taken under the certiorari jurisdiction of that court set forth in article V, section 3(b)(3), Florida Constitution. Such proceedings remain in certiorari with the only change being to replace wasteful, repetitive petitions for the writ of certiorari with concise notices followed at a later date by briefs. The parties to such actions should be designated as “petitioner” and “respondent” despite the use of the terms “appellant” and “appellee” in this rule. See commentary, Fla. R.App. P. 9.020.
Subdivisions (e), (f), and (g) set the times for preparation of the record, serving copies of the index on the parties, serving briefs, and serving notices of cross-appeal. Provision for cross-appeal notices has been made to replace the cross-assignments of error eliminated by these rules. In certiorari proceedings governed by this rule the term “cross-appeal” should be read as equivalent to “cross-petition.” It should be noted that if time is measured by service, rule 9.420(b) requires filing to be made before service or immediately thereafter.
Subdivision (h) permits a party to file a single notice of appeal if a single proceeding in the lower tribunal, whether criminal or civil, results in more than 1 final judgment and an appeal of more than 1 is sought. This rule is intended to further the policies underlying the decisions of the supreme court in Scheel v. *1052 Advance Marketing Consultants, Inc., 277 So.2d 773 (Fla.1973), and Hollimon v. State, 232 So.2d 394 (Fla.1970). This rule does not authorize the appeal of multiple final judgments unless otherwise proper as to each. If a prematurely filed notice is held in abeyance in accordance with Williams v. State, 324 So.2d 74 (Fla.1975), the date of filing is intended to be the date the notice becomes effective.
Subdivision (i) provides an expedited procedure in appeals as of right to the supreme court in bond validation proceedings. An appendix is mandatory.
Subdivision (j) provides for an expedited procedure in appeals as of right to the supreme court from an order of a district court of appeal.
1980 Amendment. The rule has been amended to incorporate changes in rule 9.030 and to reflect the abolition of supreme court jurisdiction to review, if provided by general law, final orders of trial courts imposing sentences of life imprisonment.
The reference indicated (2) in the second paragraph of this committee note for 1977 amendment should be disregarded. See amended rule 9.030(a)(l)(B)(ii) and accompanying committee note.
1984 Amendment. Subdivision (k) was added to remedy a pitfall in the application of case law under Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla.1974). Appeals may now be taken immediately or delayed until the end of the entire case, under the rationale of Mendez.
1992 Amendment. Subdivision (d) was amended to require that the appellant, except in criminal cases, attach to its notice of appeal a conformed copy of any orders designated in the notice of appeal, along with any orders on motions that postponed the rendition of orders appealed. This amendment is designed to assist the clerk in determining the nature and type of order being appealed and the timeliness of any such appeal.
Subdivision (m) was added to clarify the effect of a notice of appeal filed by a party before the lower court renders a final appealable order. Under this subdivision, such a notice of appeal is subject to dismissal as premature, but a final ordér rendered before the dismissal of the appeal will vest the appellate court with jurisdiction to review that final order. It further provides that the appellate court may relinquish jurisdiction or otherwise allow the lower court to render such a final order before dismissal of the appeal. If the only motion that is delaying rendition has been filed by the party filing the notice of appeal, under rule 9.020(g)(3), such motion is deemed abandoned and the final order is deemed rendered by the filing of a notice of appeal.
1996 Amendment. The addition of new subdivision (a)(2) is a restatement of former Florida Rule of Probate Procedure 5.100, and is not intended to change the definition of final order for appellate purposes. It recognizes that in probate and guardianship proceedings it is not unusual to have several final orders entered during the course of the proceeding that address many different issues and involve many different persons. An order of the circuit court that determines a right, an obligation, or the standing of an interested person as defined in the Florida Probate Code may be appealed before the administration of the probate or guardianship is complete and the fiduciary is discharged.
Subdivision (c) was amended to reflect that in appeals of administrative orders, the appellate court filing fees should be filed in the appellate court, not the administrative tribunal.
Subdivision (n) was added by the committee in response to the opinion in Canal Insurance Co. v. Reed, 666 So.2d 888 (Fla.1996), suggesting that the Appellate Court *1053 Rules Committee consider an appropriate method for providing expedited review of these eases to avoid unnecessary delays in the final resolution of the underlying actions. Expedited review in the manner provided in rule 9.130 is available for such judgments in cases where a claim against the insured is pending and early resolution of the coverage issue is in the best interest of the parties. The notice of appeal should identify whether a party is seeking review pursuant to the procedure provided in this rule or in rule 9.130.
Court Commentary
2003 Amendment. Subdivision (l) was deleted to reflect the holding in North Florida Women’s Health & Counseling Services, Inc. v. State, 28 Fla. L. Weekly S549, — So.2d -, 2003 WL 21546546 (Fla. July 10, 2003),